Magruder Taff v. The State.

No. 1660.    Decided January 31, 1912.

**Assault to Rape—Charge of Court—Specific Intent.**

Where, upon trial of assault to rape, the court charged the jury on assault to rape by force, but did not submit defendant's requested instructions that before the defendant could be convicted of an assault to commit rape, the evidence must show the specific intent to have intercourse with the alleged female without her consent, there was reversible error.

Appeal from the District Court of Lee.    Tried below before the Hon. Ed. R. Sinks.

Appeal from a conviction of assault with intent to rape; penalty, ten years imprisonment in the penitentiary.

The prosecutrix testified that about half past nine at night the defendant tried to get into her house; that he first called, hallo, then went away and returned and again called, hallo, and after repeating this several times in the yard, he came on the gallery and knocked at the door and tried to open the same, saying that he wanted the prosecutrix to come out, and to be so kind and do so; that the prosecutrix ordered him away, when defendant came around to the window which was partly raised, repeating to her his request to be so kind and come out there; that if she did that he would give her five of ten dollars, and they would have a good time; that prosecutrix refused, and that defendant then asked for some bread and butter, to which she replied that she would give him the bread and butter if he would leave right away, defendant saying that he would; that prosecutrix gave him the bread and butter and defendant went away, but soon returned to the window and asked for some water to drink, she said she had none, but upon his insisting, she handed him some water; that during this time defendant reached his hand through the window asking her to shake hands with him, which she did once but not again; that after drinking the water, he remained at the window; that she was sitting on a bench right close to the window; that defendant tried to reach in, but could not grab her, and that as she attempted to push the window down, he grabbed her around the wrist and pulled her right against him, and as she turned, she for the first time saw that defendant was a negro, when she began screaming and hallowing; that her mother was in the next room asleep, but that a light was burning in her room; that there was no light in prosecutrix's room; that her nearest neighbors lived within calling distance and came over shortly after they heard the screaming; that defendant desisted and ran away as soon as she screamed, leaving his horse tied to the fence.

The defendant denied the entire transaction, and by the testimony of some of his witnesses, attacked the character of the prosecutrix.

*E. T. Simmang*, for appellant.—Upon the question that the evidence

was insufficient to show an assault with intent to commit rape: Scott v. State, 51 Texas Crim. Rep., 5; Cotton v. State, 52 id., 55; Porter v. State, 33 id., 385; Mathews v. State, 34 id., 79; Collins v. State, 52 id., 455; Dina v. State, 46 id., 402; Curry v. State, 4 Texas Crim. App., 574; Sanford v. State, 12 id., 196; Thomas v. State, 16 id., 535; Passmore v. State, 29 id., 241; Milton v. State, 23 id., 204; Ford v. State, 41 Texas Crim. Rep., 270; Rockery v. State, 35 id., 487; Caddle v. State, 44 id., 213; Sirmons v. State, id., 488; Hancock v. State, 47 S. W. Rep., 465; Fields v. State, 24 id., 907; Ross v. State, 78 id., 514; Coffee v. State, 76 id., 761; Carson v. State, 24 id., 409; Wood v. State, 61 id., 308; O'Brian v. State, 40 id., 969.

*C. E. Lane,* Assistant Attorney-General, for the State.—On the sufficiency of the evidence: Crooms v. State, 40 Texas Crim. Rep., 672; Allen v. State, 36 id., 381; Warren v. State, 38 id., 152; Taylor v. State, 44 id., 153; Washington v. State, 51 id., 542; Bourland v. State, 49 id., 197; Taylor v. State, 50 id., 362; Railsback v. State, 53 id., 542; Walton v. State, 29 Texas Crim. App., 163; Gray v. State, 65 S. W., Rep., 375.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to rape, his punishment being assessed at ten years confinement in the penitentiary. The facts will be set out in another portion of the opinion.

1. The court charged the jury on assault to rape by force, and then instructed the jury that if the appellant did not intend to commit rape by force they would convict him of aggravated assault. Appellant, in this connection, asked the following charge, which, under the peculiar facts of this case hereafter set out, we are of opinion ought to have been given:

"You are instructed that every assault committed by an adult male person upon the person of a female, does not constitute an assault with the intent to commit the offense of rape, but in order to make the offense an assault to rape the defendant must commit an assault upon the female with the specific intent to have intercourse with her, and without her consent.

"An assault upon a woman, with the intent to have improper intercourse with her, but without the use of force and not without the consent of the woman, does not constitute the offense of assault to rape, no matter how offensive the defendant's acts may be, or how aggravated the circumstances.

"Now if you believe from the evidence that the defendant Magruder Taff committed an assault upon Selma Franke, if any assault was ever committed by the defendant, and that at the time he committed the assault, he intended to have carnal intercourse with Selma Franke, provided the said Selma Franke would submit to him and that he did

not intend to have carnal intercourse with her the said Selma Franke, without her consent or by force, then you are instructed that this defendant would not be guilty of the offense of assault to rape, and if you so believe, it becomes your duty to acquit the defendant of this offense."

Under the facts of this case the refusal of the court to give this charge was error of such material character as requires a reversal of the judgment. The reporter will report such of the facts as may be necessary to show the applicability of this charge to the facts.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*